IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 25 CV 480 |
| v. | ) ) | Judge Georgia N. Alexakis |
| THOMAS J. DART, Sheriff of Cook County, in his official capacity, and COUNTY OF COOK, ILLINOIS, | ) ) ) ) ) | Magistrate M. David Weisman |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order dated March 24, 2025 [Dkt. 16], "to file a short status report with the Court within seven days of a decision in *Johnson v. Amazon.com Services*, LLC, No. 25-1028 (7th Cir.) ["*Johnson*"]," the parties jointly submit the following status report:

1. On July 8, 2025, the Seventh Circuit issued its opinion in *Johnson* [attached hereto as "Exhibit #1"].

2. In the *Johnson* decision, the Seventh Circuit certified the following question to the Illinois Supreme Court:

    Does the Illinois Minimum Wage Law, 820 ILCS 105/4a, incorporate the exclusion from compensation for employee activities that are preliminary or postliminary to their principal activities, as provided under the federal Portal-to-Portal Act 29 U.S.C. § 254(a)(2)?

3. Defendants' Motion to Dismiss and Strike Class Allegations was fully briefed on June 24, 2025 [Dkt. 40].

4. Plaintiff believes that it is best to stay this matter pending the outcome of the *Johnson* case before the Illinois Supreme Court. Plaintiff believes that a ruling in the *Johnson* matter could potentially moot Defendants' Motion to Dismiss, or large parts of it. While apparently conceding that the outcome of *Johnson* could moot portions of Defendant's

Motion to Dismiss, Defendant opposes a stay. Defendant wrongly believes that the *Johnson* matter supports a dismissal of Plaintiff's FLSA count even though the FLSA claim was not appealed to the Seventh Circuit and was not at issue before the Seventh Circuit in *Johnson*.[1] Soon, the Illinois Supreme Court will resolve in *Johnson* whether the Portal-to-Portal Act was incorporated into Illinois, which will determine several contested issues in this case. Therefore, it is best to stay this action pending the outcome of *Johnson*.

5. Defendants do not agree that *Johnson* counsels or necessitates a stay. Defendants reiterate their position that Plaintiff's IMWL count (Count I) should be dismissed with prejudice, and is ripe for such dismissal. Further, *Johnson* contains guidance which supports Defendants' argument that Plaintiff's FLSA count (Count II) should be dismissed with prejudice. *Johnson*, slip op., at 19 (stating, of plaintiff's pre-shift Covid screening allegations, "[i]f the PPA applies, plaintiffs' IMWL claims fail").

Respectfully Submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: */s/ William Yung*
William Yung
W. Clifton Holmes
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, IL 60602
(630) 603-5500
william.yung@cookcountysao.org
clifton.holmes@cookcountysao.org
Attorneys for Defendants

/s/ *Don J. Foty*
Don J. Foty
2 Greenway Plaza, Suite 250
Houston, TX 77046
(713) 523-0001
dfoty@fotylawgroup.com

Hans Nilges
7034 Braucher Street N.W., Suite B
North Canton, OH 44720
(330) 470-4428
hans@ohlaborlaw.com
Attorneys for Plaintiffs

---

[1] It is also important to note the factual distinction that *Johnson* involves a claim for compensation for COVID screenings for Amazon workers whereas Plaintiff's case relates to pre-shift work activities for correctional officers, including compensation for the time spent gathering weapons and patrolling prisons.